JOSEPH KELLER, Respondent, v. CITY OF FARGO, a Municipal Corporation, Appellant.

(192 N. W. 313.)

**Indemnity — city required to pay damage, where not wrongdoer, has remedy against third person at fault.**

1. Appellant, a municipal corporation, licensed respondent as a master plumber. As such he dug a trench in appellant's street, and, on refilling the same, left the excess of dirt piled on each side of the sidewalk. A pedestrian,

passing along the walk at the place where the dirt was piled, fell and was injured. She sued the appellant city, alleging negligence by reason of the dirt piles, and had a verdict, the jury finding that by reason of mud on the walk the same was not reasonably safe. Prior to the trial, appellant notified respondent of the pending suit and requested him to defend. This he refused to do, but he consulted with the appellant's attorneys, was present during the trial, and was himself sworn as a witness.

On a suit by appellant city to recover over from respondent licensee for damages paid, it is *held:*

A municipal corporation required to pay damages to a person injured on its streets has, unless it is also a wrongdoer, a remedy over against a third person who is at fault and has so used the streets as to produce the injury.

**Indemnity — where seasonable notice given wrongdoer against whom municipality claims right of action to recover over, judgment against defendant conclusive against him.**

2. Where seasonable notice of the pendency of the action is given and an opportunity to defend afforded to a third party against whom a defendant claims a right of action to recover over, the judgment therein entered against such defendant is conclusive as against such third party as to all matters material to and necessarily determined by such judgment.

**Indemnity — question of physical responsibility of third party for accident on streets not material or necessary to determination of action.**

3. Where, in a suit against a defendant municipal corporation by a person injured, the physical cause of the injury is established, but the question of the responsibility for the creation of such physical cause by a third party is not material or necessary to a determination of the action, such third party in a suit against it by the defendant to answer over, is not concluded as to the matter of negligence on his part, and such defendant corporation must establish that such physical cause was created through his negligence.

**Indemnity — liability of third party for negligence in causing injury on streets not enlarged by bond of indemnity.**

4. Under such circumstances, §§ 6641 et seq., Comp. Laws 1913, do not enlarge the liability of a third party who has given a bond of indemnity against any negligence on his part or any unfaithful or inadequate work done by him.

Opinion filed February 2, 1923.   Rehearing denied March 3, 1923.

Indemnity, 31 C. J. § 48 p. 448 n. 99; § 60 p. 460 n. 37, p. 461 n. 40, 41; § 61 p. 463 n. 51.

---

Note.—For authorities holding that the right of a municipal corporation which has been compelled to pay damages resulting from a defect or obstruction in a highway to recover over against a third person whose negligence or wrongful act was the cause of the injury, see notes in 40 L.R.A.(N.S.) 1165, and L.R.A.1916F, 86, 13 R. C. L. 527, 3 R. C. L. Supp. 60, on right of municipality to recover indemnity or contribution from one for whose tort it has been held liable.

On right of city required to pay damages, where not wrongdoer, to indemnity against third person at fault, see note in 16 Am. St. Rep. 255.

Appeal from District Court, Cass County, *Englert, J.*

Action by Joseph Keller against the city of Fargo, a municipal corporation. Issue on the counterclaim.

Judgment for plaintiff.

Defendant appeals from the judgment and from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

Judgment reversed and a new trial ordered.

*W. H. Shure (B. F. Spalding* of counsel), for appellant.

A party who for his own benefit or convenience or under license from a city is permitted to place upon a public street a structure which from its nature or from a failure to guard it, or keep it in repair is or may become dangerous, is held to be under an implied contract with the city that in doing so, he will exercise ordinary care to protect the public from danger and the city from loss so that in case of injury to one using the street and consequent loss to the city resulting from such structure or the manner in which it is kept, the city may be regarded as in nominal fault only while the party who rendered the street unsafe will be held to be the real wrongdoer and an indemnitor of the city against loss. Grand Forks v. Paulsness, 19 N. D. 293.

It is predicated upon the negligent character of the act which caused the injury and the general principle of law which makes a party responsible for the consequences of his wrongful conduct. Port Jervis v. Bank, 96 N. Y. 550; Glassey v. St. R. Co. 185 Mass. 315, 70 N. E. 199; Lincoln v. First Nat. Bank (Neb.) 108 Am. St. Rep. 690, 93 N. W. 698; Mooney v. Edison Elec. Illuminating Co. (Mass.) 70 N. E. 933; City of Independence v. Missouri P. R. Co. 86 Mo. App. 585; Southwest Teleph. & Teleg. Co. v. Krauser (Tex.) 92 S. W. 431.

A town, though liable for a defect in a highway is not in pari delicto with a person whose acts caused the defects, and, if compelled to pay damages to a third person injured by the defect, may recover over against the wrongdoer. Lowell v. Boston (Mass.) 34 Am. Dec. 33; Milford v. Holbrook, 85 Am. Dec. 735; Woburn v. Henshaw (Mass.) 3 Am. St. Rep. 333. See also Ft. Worth Street R. Co. v. Allen (Tex.) 39 S. W. 125.

*Pierce, Tenneson, Cupler & Stambaugh,* for respondent.

The rule applicable to tort-feasors generally does not apply to munic-

ipalities under such facts as we have to deal with in this case. Robinson v. Paducah, 146 Ky. 188, 40 L.R.A.(N.S.) 1153, 142 S. W. 370.

"The estoppel created by the first judgment cannot be extended beyond the issues necessarily determined by it. Thus a judgment recovered by a third person against a city for injuries sustained, by reason of a defective highway, is conclusive on the persons bound to keep the same in repair and who had notice of the pendency of the action, on the points that the highway was defective, that the person suffered injury while exercising due care, and that he suffered damage to the amount of the judgment; but it is not conclusive against them that they were bound to keep the highway safe; that they were guilty of negligence; nor on the question that the damage was caused by their sole fault." 14 R. C. L. 62.

The judgment recovered by Southwick against the plaintiffs is conclusive against these defendants on three points: That the highway in Congress Square was defective; that Southwick was injured there while using due care; and that he suffered damage to the amount of $12,000. But it is not conclusive against the defendants on the question whether they were bound to keep the highway safe, or if they were, that they were guilty of such negligence as would charge them if Southwick had brought an action against them; nor on the question whether Southwick's damage was caused by their sole fault.

On a new trial of this action, which must be ordered, the defendants may be permitted to show that they were not bound to make the highway safe, or if they were, that Southwick's injury was not caused solely, if at all, by their default. If it was caused by the joint fault of the plaintiffs and defendants, the plaintiffs cannot recover. One of two joint wrongdoers cannot have either indemnity or contribution from the other, although he may have been compelled to pay the whole amount of the damage caused by their joint wrong. Boston v. Worthington, 10 Gray, 496, 71 Am. Dec. 678, cited in note in 14 R. C. L. page 62.

"A judgment against a city in an action against it for personal injury of which a city lot owner has notice is conclusive upon him as to the fact, cause and extent of such injury, but not as to his responsibility for such cause of injury." Lincoln v. First Nat. Bank, 108 Am. St. Rep. 690, 93 N. W. 698.

"Oral evidence is admissible to prove which act of negligence alleged

is the primary cause of the injury, or whether both contributed thereto." M. K. & T. Ry. Co. v. Ellis, 189 Pac. 363.

It will thus be seen that the negligence as to the condition of the street light, which was a part of the general lighting system of the city, was charged in the complaint; that evidence was submitted thereon; and that the trial judge covered the issue in his instructions to the jury. This issue was determined against the defendant city by a general verdict of the jury, and, a priori established an independent act of negligence on the part of the city. That there may have been concurring negligence on the part of the contractor is immaterial. The rule governing is to be found in Tacoma v. Bonnell, 65 Wash. 505, 36 L.R.A. (N.S.) 582, 118 Pac. 642, Ann. Cas. 1913B, 934.

"If a public street is maintained by the city in an unsafe or dangerous condition, and the negligence of a third party combines with that of the city to cause an injury to such third party and such injury would or might not have occurred but for the combined negligence of the city and the second party, no recovery by either of the joint wrongdoers may be had against the other. Denison v. Sanford, 2 Tex. Civ. App. 662, 21 S. W. 784; Consolidated Kansas City Smelting & Ref. Co. v. Binkley, 45 Tex. Civ. App. 100, 99 S. W. 181; Atlanta Consol. St. R. Co. v. Southern Bell Teleph. & Teleg. Co. (C. C.) 107 Fed. 874; Churchill v. Holt, 127 Mass. 165, 34 Am. Rep. 355; Geneva v. Brush Elec. Co. 50 Hun, 581, 3 N. Y. Supp. 595, 2 Ann. Cas. 529 and note; 9 Cyc. 807." Puyallup v. Vergowe, 163 Pac. 779.

"Where the nuisance consists merely in the location, and not in the use, guarding, or proper maintenance of the obstruction to which the municipality has consented, the parties are deemed to be in pari delicto within the rule against recourse between joint wrongdoers." 40 L.R.A. (N.S.) 1172; Geneva v. Brush Elec. Co. 50 Hun, 581, 3 N. Y. Supp. 595.

"Of course, it is essential, in order that the present question may arise, that the former verdict or judgment against the plaintiff in the present suit for contribution or indemnity shall have been predicated solely on his constructive liability." Scott v. Curtis (N. Y.) 88 N. E. 794, 40 L.R.A.(N.S.) 1147; New York v. Brady, 70 Hun, 250, 24 N. Y. Supp. 296, second appeal in 77 Hun, 241, 28 N. Y. Supp. 324;

Lexington v. Ætna Indemnity Co. 155 N. C. 219, 71 S. E. 214; Richmond v. Sitterding (Va.) 65 L.R.A. 449, 99 Am. St. Rep. 879.

It is believed no case can be found wherein a recovery back has been allowed if both wrongdoers were only passively negligent, or where both wrongdoers were actively and affirmatively negligent. To otherwise hold puts a premium on indolence or inefficiency of city officers. In the case at bar the city had actual notice of the defect, because it notified the asphalt company of such defect. The officers of each trifled with the situation, trusting no one would be hurt, and then each gambled with the proposition as to who would pay the damages if a person did get hurt. There is no equity in favor of either of the wrongdoers as against the other. It is merely a question, not of state law, but of the common law, as was held in the Robbins Case, 2 Black, 418, 17 L. ed. 298.

"In the United States the question whether a defendant's negligent act or omission was the proximate cause of the injury for which redress is sought is ordinarily a question for the jury."

"Where it is claimed that the defendant's act was not the proximate cause of the injury because the result could not reasonably have been foreseen, it is ordinarily a question for the jury whether the result should reasonably have been foreseen."

"The general rule that the question of proximate cause is for the jury has been applied where the injury was the result of concurring causes." Ann. Cas. 1913B, pp. 351, 354, 355.

NUESSLE, J. Respondent is a master-plumber, licensed as such by this appellant, the city of Fargo. His license was issued in accordance with the terms and conditions of the city ordinance, No. 440, and, in compliance with the provisions thereof, he gave an indemnity bond to the city. He procured a permit to connect a residence, at 622 Tenth street south, Fargo, with a sewer in the street. This he did by digging a trench from the house to the sidewalk and from the sidewalk to the sewer. He completed it late in December, 1918. The ground was frozen and the trench would not contain all the dirt removed in the digging, so he left piles of dirt heaped over the filled trench on each side of the walk. These were left in that condition until about the middle of the winter when the appellant's commissioner of streets, pass-

ing by, noticed the piles and the condition that they were in and notified the respondent that they must be levelled off. Respondent sent a man to do this. Later and about the 1st day of February, the commissioner passed while the work was in progress, but gave no directions as to what should be done. There was at that time no dirt on the walk. Subsequently the respondent notified the commissioner that the condition complained of had been remedied. The commissioner relied on this report and did not again see the place until after the accident hereinafter mentioned had occurred. On Easter Sunday evening, March 16th, one Mrs. Porter, on her way to church, slipped and fell as she passed along the sidewalk between the piles of dirt. She was severely injured.

Mrs. Porter thereafter served notice on the city, claiming damages on account of the injury that she had thus received. In her notice of claim served on the city, she alleged the digging of the trenches and the filling of the same, and that "in filling said excavations dirt was piled up or caused to be piled on both sides of said sidewalk and was allowed to so remain until and after the said 16th day of March, 1919, and thereby snow and water was caused to accumulate at said point between such obstructions which prevented the water from running off the sidewalk in its natural course; that portions of dirt from time to time rolled from said piles to the sidewalk and mixed with the snow and water; that during cold weather said snow and water would freeze and cause said sidewalk to be in a slippery, unsafe, and dangerous condition especially when the ice and the mud contained therein began to thaw," and alleged further "that at this particular time the ice and mud contained therein had begun to thaw and that the said sidewalk was in a slippery, unsafe, and dangerous condition; that said condition of the sidewalk was due solely and wholly to the negligence of the city authorities of the city of Fargo, North Dakota, and in causing and allowing dirt to be piled up on both sides of the sidewalk at said point, and in permitting and allowing said dirt to so remain for several weeks prior to said accident, and that had said dirt been removed such condition would not have existed and said accident would not and could not have happened," and she further alleged that by reason of these facts the accident happened and she was thereby injured.

This claim was not allowed by the city and thereafter she brought an action against appellant to recover damages on account of such accident.

In her complaint she alleged the fact of the accident and that the same was caused by reason of the negligence of the city in not properly caring for the sidewalk at the place in question and alleged that "the sidewalk in question was in a dangerous and unsafe condition for foot travel by reason of the snow, water, and ice having been negligently accumulated upon the sidewalk at the place mentioned; that . . an excavation had been dug with the consent and permission of the defendant city on both sides of the said sidewalk at said point, and for several weeks previous to said date and on and after said date, piles of dirt were allowed by the said defendant to be left on both sides of the sidewalk which prevented the water from running off in its natural course and formed a basin in which water and snow accumulated, and that portions of dirt rolled from time to time on said sidewalk and mixed with the snow and water; that during cold weather ice would form in rough lumps and in smooth patches and cause the said sidewalk to be in a slippery, unsafe condition especially when the ice and mud therein began to thaw; that this condition extended all the way across the walk and the same constituted a nuisance."

She alleged further that the city had due notice and knowledge of all of these facts and conditions and of the defective and unsafe condition of the sidewalk for a long time prior to the date of the accident. Seasonably prior to the trial in the case of Porter v. Fargo, appellant city notified Keller and the surety on his bond of the claim of Porter and of the pendency of the action and requested them to defend. This they refused to do, but thereafter Keller consulted with appellant's attorneys regarding the matter, procured witnesses for use at the trial, was himself sworn as a witness, and was present throughout the trial of the case. The case was duly tried to a jury and the trial court, after instructing as to the matters of negligence and particularly as to the duty of the city with reference to its sidewalks and the use of the same by the public, charged that there would be no neglect of duty unless the jury should find that the officers of the city knew of the defects complained of or with the exercise of reasonable diligence should have known of them long enough before the accident occurred to have had the same remedied. The court further charged that the matters required to be established by the plaintiff in that case before she was entitled to a verdict were: "First, that at the time and place of the accident there

was mud on the sidewalk to such an extent as to render the sidewalk dangerous and unsafe for public travel thereon. Second, that such condition of said sidewalk was due to the negligence of the defendant city. Third, that the defendant city knew of the alleged defective condition of the sidewalk or by the exercise of reasonable care might have known of such condition at a sufficient length of time prior to the accident to have had the same remedied. Fourth, that on the evening of March 16th, 1919, the plaintiff slipped and fell on said sidewalk and was injured, and fifth, that the negligence of the defendant city was the proximate cause of the injury sustained."

The court further charged that if the jury should find that there was mud on the sidewalk in question to such an extent as to render the same dangerous and unsafe for public travel thereon, and that such condition was due to the negligence of the city and that the city knew or by the exercise of reasonable care might have known of the said condition a sufficient length of time prior to the accident to have had the same remedied; that the plaintiff slipped and fell and was injured and that the negligence of the city in permitting the mud to accumulate and remain on the sidewalk was the proximate cause of the injuries sustained by the plaintiff; that they should find a verdict for the plaintiff unless there was contributory negligence on her part. The court further charged that on the question of notice the jury should inquire "whether under the testimony the city authorities either had notice of the existence of the alleged unsafe condition of the sidewalk or that such condition existed in the sidewalk for such a length of time before the accident that knowledge of the existence of such condition by the city authorities must be presumed."

The court further charged "that *under the allegations and proof in this case the plaintiff cannot recover from any defective condition of the sidewalk due to anything other than the mud upon the sidewalk.* If you should find that the plaintiff slipped and fell because of the icy condition of the sidewalk and not otherwise; or if you should not find that the sidewalk in question at the time and place of the accident was in a dangerous condition because of an accumulation thereon of slippery mud, then your verdict should be for the defendant." The jury returned a verdict for the plaintiff, finding for her in the amount of $2,000 and interest. Judgment was entered on said verdict against the city in the

amount of $2,169.20. The city subsequently paid the judgment and seeks in the present action to recover over from respondent on account of such payment.

In the instant case, the city, in stating its cause of action as against the respondent, pleaded the issuance of the license to respondent; that he dug the trench; his negligence in refilling the same; the injury to Mrs. Porter caused thereby; her suit; the notice and demand by the city on respondent to defend; and Mrs. Porter's recovery. Respondent answering, admitted the issuance of the license to him; that he dug and filled the trench; denied lack of care or negligence on his part; alleged that what he did in respect thereto was done in a proper and workman-like manner; admitted recovery of the Porter judgment; alleged that the same was recovered because of the city's negligence and lack of care in keeping the sidewalk in a reasonably safe condition and in allowing water, ice, and mud to accumulate thereon and in failing to properly light said sidewalk. Answering further, the respondent Keller alleged that the negligence and carelessness on the part of the city in failing to keep the sidewalk cleaned and in a reasonably safe condition and in failing to properly light the same caused and contributed to the injury. On the issues as thus made the case was tried to a jury. The jury found for the respondent Keller and against the defendant city. The city thereafter moved in the alternative for judgment notwithstanding the verdict or for a new trial, which motions were denied. An appeal was duly perfected and is here for disposition. The appellant complains of error in the admission of evidence during the course of the trial; that the evidence is insufficient to sustain the verdict; that the court erred in its instructions to the jury; and that the court erred in denying appellant's motion for judgment notwithstanding the verdict or for a new trial. There are various other assignments of error, but, in our view of the matter, they need not be considered. We believe that this appeal can be properly disposed of by considering the merits of the appellant's motion for judgment notwithstanding the verdict or for a new trial.

Should the motion for judgment notwithstanding the verdict have been granted?

The answer depends upon the effect of the judgment in the Porter case. If that judgment is conclusive upon the respondent here not

only as to the effect, cause, and extent of the injury for which recovery therein was had, but also as to appellant's responsibility therefor, or if the facts conclusively established in the record in this case, taking into consideration that judgment, are such that it must be said, as a matter of law, that the respondent's negligence was the proximate cause of the accident to Mrs. Porter, then the motion should have been granted.

Appellant was a licensee. He had no right to place obstructions on or excavations in the street except as such, and, where as such he did so, he assumed responsibility for the consequences of any negligence on his part with respect thereto. Ordinance 440 of the city of Fargo, under which he was licensed, provides:

"No person, company or corporation shall construct, extend or repair any plumbing or house drainage or connect any house drain or house sewer with the sewer system of the city of Fargo until such person, company or corporation shall have received a master plumber's license from the board of commissioners of the city of Fargo.

"All trenches shall be refilled and tamped solid. Wherever a house sewer is laid through a lawn or boulevard, the sod shall be replaced and all rubbish removed.

"Any person to whom a master plumber's license has been granted shall before receiving such license . . . execute . . . bond . . . conditioned that he shall indemnify and keep harmless the city of Fargo of and from all accidents and damages caused by any negligence on the part of himself or any person in his employ in protecting such work; or by any unfaithful or inadequate work done by virtue of his license and that he will also replace and restore to as good and safe condition as when he found it any street or alley in which he may have made or caused to be made any excavation or opening for any purpose whatsoever, and that he will keep and maintain the same in good order to the satisfaction of the city engineer for the period of one year next thereafter and will in all things strictly comply with the provisions of this ordinance or with the conditions of any permit issued to him thereunder."

The fact that pursuant to the ordinance Keller gave a bond cannot affect the matter of his legal responsibility. That bond was required and was furnished so that the city might be able to realize on account of any claim that there might be by reason of any default on Keller's

part. Regardless of his bond, Keller was an indemnitor, but he was not an absolute indemnitor. He was responsible not for the consequences of anything that he might do under the terms of his license, but only for the consequences of *his negligence* with respect to that which he might do. See Grand Forks v. Paulsness, 40 L.R.A.(N.S.) 1158 and note 19 N. D. 293, 123 N. W. 878; 1 Cooley, Torts, 254; 14 R. C. L. 53; 22 Cyc. 99.

The ordinance did not affect or vary this rule. True the ordinance required "that all trenches shall be filled and tamped solid and wherever a house sewer is laid through a lawn or boulevard the sod shall be replaced and all rubbish removed," but whether or not these requirements were complied with were questions of fact to be determined by the jury from such evidence as might be offered.

When Mrs. Porter began her action against the city, Keller was seasonably notified of the fact and requested to defend. This he did not do but he did consult with the city's attorneys. He suggested witnesses, was himself a witness at the trial, and was present during the course of the trial. He is therefore concluded as to all matters that were material to and that were necessarily determined by the judgment entered in that case. Grand Forks v. Paulsness, supra. Sections 6641 et seq. 1913 Comp. Laws, do not change the rule therein laid down. So far as Keller is concerned, the judgment in the Porter case established the fact of the injury, the *physical cause of the injury* and the effect of the injury. Necessarily that case determined that the city's negligence —that is, the breach of the city's duty to keep the sidewalk reasonably safe—was the proximate cause of the injury, and that judgment determined in what respect the city was thus negligent—allowing mud to accumulate and be on the sidewalk—but that judgment did not determine the cause or source of that mud. Whence or how the mud came was only an incidental matter. Whether it was there as a result of the use of the walk by the public, the action of the elements, or the negligence of Keller, was immaterial in that case. The material question was, "Was the mud there?" and that was conclusively determined.

Now the question of Keller's negligence has become material. From the record as made in the instant case, is it possible to say, as a matter of law, that he was negligent? We do not think so. He may have been, and by reason of such negligence the mud deposited on the sidewalk and

the accident caused, but, on the other hand, so far as the record establishes, the mud may have been carried there by the feet of passersby, or swept there by the wind, or have come there in other ways on account of, or without, negligence on the part of Keller. The appellant city has the burden of establishing that it was there by reason of the negligence of Keller, and since on the record there is room for a reasonable difference of opinion in that respect, the jury must pass upon and determine the matter. Therefore, the motion for judgment notwithstanding the verdict was properly denied.

Should the motion for a new trial have been granted?

During the course of the trial and over the strenuous objections of the appellant, evidence was offered by various witnesses tending to show the condition before, at the time of, and after the accident, as to ice and snow at the immediate place of the accident and at other places more or less remote therefrom. This might have been properly admissible for the purpose of enabling the jury to determine whose the responsibility was for the mud being on the walk, but for no other purpose. The trial court in instructing the jury charged "At the outset I wish to say to you that the gist of this controversy here centers around the question of whether the leaving of the piles of dirt by Mr. Keller on the sides of this walk where the injury happened was negligence on the part of the plaintiff Mr. Keller, and whether such negligence was the proximate cause of the injury."

The trial court further charged "Under the circumstances of this case and the view that the court takes of this case, you determine the question here as to whether or not the manner of placing these piles of dirt on either side of the walk by Mr. Keller was negligence, and if so, whether the injury that resulted here was the proximate result of Mr. Keller's negligence in connection with those piles of dirt and the manner and way that they were left," and further "I will ask you to bear in mind the law as I have stated it to you and then apply it to the facts in this case, and determine whether from the evidence in the case Mr. Keller was negligent in leaving those piles of dirt in the manner and way that they were left and whether such negligence was the proximate cause of the injury to Mrs. Porter. That is the question for you to determine, Gentlemen."

These portions of the instructions of the trial court were duly excepted to. We think that the effect of these instructions, taking the instructions as a whole, in view of the testimony admitted over the objection of the appellant's counsel as to the snow and ice on the walk, was to unduly broaden the scope of the jury's inquiry, and that the necessary result of such instructions was to impress upon the jury that they were to determine not only as to whether the mud was upon the walk by reason of the negligence of the respondent with respect to the filling of the trenches and the heaping of the dirt, but also as to whether or not such negligence, if what was done by the respondent constituted negligence, was the proximate cause of the injury to Mrs. Porter, taking into consideration the question of whether or not the snow and ice might not in themselves have been the proximate cause of such injury. Under these instructions and the record as made, the jury may have determined that the snow and ice upon the walk and not the mud thereon was the proximate cause. In our view of the record, the inquiry in the instant case was narrowed, by reason of the findings of the jury in the Porter case, to the question of whether or not the mud accumulated and was on the sidewalk by reason of the negligence of Keller. The question as to the effect of such mud being upon the sidewalk was conclusively determined in the Porter case, for in that case it was determined that the mud was the cause of the injury.

Chapter 70 of the Laws of 1915 provides:

"All municipalities in the state of North Dakota shall be absolutely exempt from all liability to any person for damages for injuries suffered or sustained by reason of the accumulation of snow and ice upon sidewalks within such municipality, unless actual knowledge of the defective, unsafe or dangerous condition of such sidewalk or crosswalk shall have been possessed by the mayor, board of city commissioners, police officer or marshal of such municipality forty-eight hours previous to such damage or injury, and such actual knowledge shall in no case be presumed from the fact of the existence of such condition, but in all cases the same shall be proved as an independent fact. In no event shall any municipality in this state be liable in damages for any injury occasioned through the mere slippery condition of such sidewalk or crosswalk due to the presence of frost or loose snow thereon."

The record in the Porter case is not in evidence. But the notice of

claim filed by Mrs. Porter, the pleadings in the Porter action, and the instructions of the trial judge to the jury are in evidence, and from all of these it appears in the light of said chapter 70, above set out, that the basis of the claim as against the city was the unsafe condition of the walk by reason of the mud thereon. In other words, that case was tried on the theory that the negligence of the city was occasioned by reason of its failure to remove the mud and that the walk was not reasonably safe on account of the fact that the mud had accumulated and was thereon. Viewing the effect of the Porter judgment in this way, it would seem clear that the issues in the instant case are narrowed down to the single question of whether or not the mud was there by reason of Keller's negligence with respect to the excavations he had made and the filling of the same.

As we view it, the respondent cannot be permitted to raise any issue of contributory negligence on the part of the city by reason of its failure to remove any snow and ice that might have accumulated on the walk. As we have indicated, the trial in the Porter case was had on the theory that there was no actual notice as to any snow or ice as required by chapter 70 of the Laws of 1915. If there was no actual notice, there was no duty on the part of the city to remove the snow and ice. If there was no duty on the part of the city to remove the snow and ice, then there was no breach of duty and no negligence on the part of the city when it failed to remove the snow and ice, and therefore, no concurring or contributory negligence by reason of such failure on the part of the city. The city owed no duty as to Keller to remove the snow and ice. It owed no duty to the public to do so without actual notice. See Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 40 L. ed. 712, 16 Sup. Ct. Rep. 564.

The appellant's motion for a new trial should have been granted.

Judgment reversed and a new trial ordered.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., concur.