JOSEPH KELLER, Respondent, v. CITY OF FARGO, a Municipal Corporation, Appellant.

(200 N. W. 780.)

**Indemnity — instructions — admission of evidence — contractor's negligence as proximate cause of personal injuries raised by municipality by counterclaim in action against it on improvement contract, held for jury.**

Upon a second appeal in an action wherein is involved the liability of a contractor.

51 N. D.—43.

tractor for his negligence in doing certain work in laying sewers and construct-
ing water connections whereby the city was compelled to pay damages to a
pedestrian injured through the presence of mud upon one of its sidewalks, it
is held, for reasons stated in the opinion,—

1. That the question whether the mud upon the sidewalk was proximately
caused, through the negligence of the contractor, by piles of dirt negligently
created and erected near, or adjacent to, the sidewalk, or from foreign causes,
was properly for the jury.

2. That the trial court did not err in its instructions and rulings concern-
ing the admission of certain exhibits.

3. That the question of the admission of certain evidence was eliminated by
the instructions of the trial court.


Opinion filed November 1, 1924.


Appeal and Error, 4 C. J. § 2836 p. 859 n. 7; § 2890 p. 918 n. 42; § 3075 p.
1093 n. 77.   Evidence, 22 C. J. § 1125 p. 922 n. 97.   Indemnity, 31 C. J. § 72 p.
469 n. 46, p. 470 n. 59; § 73 p. 471 n. 67.


In District Court, Cass County, *Cooley, J.*

Action by a contractor to recover from a city a balance due.

Counterclaim by the city for negligence in the performance of the
contractor's work.

From a judgment in the contractor's favor the city has appealed.
Affirmed.

*W. H. Shure* (*B. F. Spalding* of counsel), for appellant.

*Pierce, Tenneson, Cupler & Stambaugh,* for respondent.

The discretion vested in the trial court to grant or refuse a new trial
is neither an arbitrary nor a general discretion.   It is based on the
theory that the judge who tries a case, having the parties, their wit-
nesses and counsel before him, with opportunity to observe their de-
meanor and conduct during the trial, and to note all incidents occur-
ring during its progress likely to affect the result thereof, is better
qualified to judge whether a fair trial has been had, and substantial
justice done, than the appellate tribunal.   Spelling, New Tr. & App.
§ 237.

If the facts are such that different, impartial minds might fairly draw different conclusions from them, they should be submitted to the jury, and are only for the court when such that fair-minded men might draw only one conclusion from them. (Citing authorities). Carr & Erickson v. Minneapolis, St. P. & S. Ste. M. R. Co. 16 N. D. 223.

In this state of the evidence, counsel for the appellant insists that it was error to take the case from the jury. In disposing of this assignment of error, it is well settled that conflicts in the evidence, upon material points must be disregarded, and the whole evidence is to be construed most favorably to the party against whom the ruling is made. The defendant's motion to dismiss was, in effect, a demurrer to the plaintiff's evidence, and upon such demurrer the supreme court of the United States declares the rule as follows: 'On a demurrer to evidence the court is substituted in place of the jury as judges of the facts, and everything which the jury might reasonably infer from the evidence is to be considered as admitted.' Bank v. Smith, 11 Wheat. 171. This court has had frequent occasion to apply this well-settled rule of practice, and has often emphasized the importance of exercising great caution in taking a case from the jury. See McRea v. Bank, 6 N. D. 353, 70 N. W. 813; Vickery v. Burton, 6 N. D. 253, 69 N. W. 193. The test if whether there is any competent evidence in the case reasonably tending to sustain the cause of action alleged; and, if the evidence is such that intelligent men may fairly differ in their conclusions thereon upon any of the essential facts of the case, it is error to withdraw the evidence from the consideration of the jury. Cameron v. G. N. Ry. Co. 8 N. D. 130; Carr v. M. S. Ste. M. R. Co. 16 N. D. 217, 112 N. W. 972; Hall v. N. P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960; Zink v. Lehart, 16 N. D. 56, 110 N. W. 931; McRae v. Hillsboro Nat. Bank, 6 N. D. 445, 69 N. W. 193; Grewer v. Schafer (N. D.) 197 N. W. 599.

The weight and value of the testimony, as well as the credibility of the witnesses, is for the jury. Butler & Henry v. Taylor (Iowa) 192 N. W. 851; Morris & Co. v. Saar (Iowa) 191 N. W. 793; Hultberg v. Hultberg (N. D.) 193 N. W. 607.

Where the evidence · is substantial and various conflicting inferences may be drawn therefrom, the Supreme Court will not disturb the verdict of a jury, Goetz v. Zeif (Wis.) 195 N. W. 874; 4 C. J. p. 773, notes 1 and 2.

In so far as the evidence is subject to opposing inferences, it must, upon a review thereof, be regarded in the light most favorable to the support of the judgment. Woodward v. Glenwood Lbr. Co. 171 Cal. 513, 153 Pac. 951; Hassell v. Bunge, 167 Cal. 365, 139 Pac. 800.

In reviewing a question of this kind, all the inferences reasonably possible from the evidence favorable to the plaintiff (the prevailing party) must be indulged by this court. Bandle v. Commercial Bank, 178 Cal. 546, 174 Pac. 44; Mah See v. North American Acci. Ins. Co. 26 A.L.R. 127.

Whether the evidence was evenly balanced or whether it preponderated in favor of one or the other of the parties, was a question solely for the jury. Fullerton Lumber Co. v. Hosford (S. D.) 176 N. W. 1017.

A jury may disbelieve the most positive evidence even when it stands uncontradicted and the judge cannot take from them their right of judgment. Rotter v. Detroit United R. Co. (Mich.) 171 N. W. 514.

Statement.

BRONSON, Ch. J, This is an action by plaintiff against the city to recover the balance due for work in laying sewer and water connections. In defense, by way of counterclaim, the city asserts that plaintiff is liable to it for his negligence in connection with such work whereby the city was compelled to· pay, after suit, a judgment in favor of one Mrs. Porter for damages sustained by reason of her falling upon the sidewalk adjacent to the place where plaintiff performed his work.

This is the second appeal in this identical case. See Keller v. Fargo, 49 N. D. 562, 192 N. W. 313. In the former appeal this court reversed the judgment entered upon a verdict in plaintiff's favor. Such reversal was largely upon the ground that under the instructions and record as made in the former trial the jury may have determined that the snow and ice upon the sidewalk and not the mud thereon was

the proximate cause of the injuries sustained by Mrs. Porter. In that case this court said:—

"In our view of the record, the inquiry in the instant case was narrowed, by reason of the findings of the jury in the Porter case, to the question of whether or not the mud accumulated and was on the sidewalk by reason of the negligence of Keller. The question as to the effect of such mud being upon the sidewalk was conclusively determined in the Porter case, for in that case it was determined that the mud was the cause of the injury."

Upon the retrial of this action wherein the principal issues litigated were the negligence of plaintiff and the proximate cause of the injury sustained by Mrs. Porter, the same witnesses testified as those who testified in the former trial excepting the Commissioner of Streets. Substantially the same evidence was again offered by both parties. The controversy, so far as questions of fact were concerned, narrowed itself to a determination of whether the mud upon the sidewalk at the locus in quo came from the work, or as a result of the work, performed by plaintiff in connection with the laying of sewers and water connections, or came from foreign and independent causes or places. It is unnecessary to restate in detail the facts. Reference may be made to the former opinion for a full statement of the facts. Sufficient it is to state that at this trial evidence was offered on the part of the city to the effect that the mud on the sidewalk came from, and as a result of, plaintiff's work. On the other hand, on the part of the plaintiff, evidence was offered to the effect that the mud on the sidewalk where Mrs. Porter sustained her injuries was not occasioned by reason of plaintiff's work but came from a sort of beaten path or place not far distant and was tracked to the locus in quo by pedestrians. In other words, the specific issue was made for the consideration of the jury whether the proximate cause of the injuries sustained by Mrs. Porter, on account of the presence of mud upon the sidewalk, was through plaintiff's work and negligence, or otherwise.

The learned trial court, who was also the presiding judge in the case of Mrs. Porter against the defendant city, instructed the jury that the plaintiff was negligent in his failure to comply with the ordinance in refilling trenches excavated and in not keeping same in good order after Dec. 24th, 1919, but that such negligence on plaintiff's part did

not render plaintiff liable unless it was the proximate cause of the in-
jury sustained by Mrs. Porter. He further instructed the jury that
the placing of the two piles of dirt on the sides of the sidewalk at the
locus in quo by the plaintiff, in the manner in which they were placed
and left, constituted negligence per se and that if the mud on the side-
walk between such piles which caused the injury to Mrs. Porter was
on the walk as a result of the action of the elements of nature upon
the dirt constituting such piles, the plaintiff was liable and that, if
the jury, after considering all the evidence, should find that the injury
to Mrs. Porter would not have happened except for the existence and
location of such dirt piles in close proximity to the said sidewalk in
question, then it was their duty to find for defendant. He further
charged that the jury should not take into consideration any evidence
relating to snow and ice on the sidewalk; that the physical cause of the
injury to Mrs. Porter was established, in the action against the city,
as mud on the sidewalk between the two piles of dirt, concededly
placed there by plaintiff. But the jury were further instructed that
if it found that the mud which caused the injury was the result of
causes entirely foreign to such heaps of dirt and having no relation
thereto, it then was their duty to find for the plaintiff; in other words,
if they should not find that the presence of mud upon the sidewalk re-
sulted from the existence of the piles of dirt left at the edge of the
sidewalk by plaintiff. At the close of the evidence defendant made a
motion for a directed verdict which motion was overruled. Defendant
has appealed from the judgment entered upon a verdict returned in
plaintiff's favor.

Upon this appeal the city maintains, in connection with some 33
specifications of error, that the trial court erred in excluding certain
photographs and Mrs. Porter's notice of claim for damages; in permit-
ting plaintiff to introduce much evidence of methods pursued by plain-
tiff in filling the trenches constructed so as to excuse the manner in
which the work was done and noncompliance with the ordinance; in
permitting evidence to be introduced concerning water on the sidewalk
and of mud on the sidewalk across the whole front of the lot in question
thereupon enlarging the scope of the inquiry by the jury. Further,
that the trial court erred in its instructions to the jury, in not directing
it to return a verdict in defendant's favor for the reason that upon the

physical facts no logical inference can be drawn other than that plaintiff's negligence was the proximate cause of· the injury. Other contentions are similarly made concerning the court's instructions to the effect that the instructions placed an improper burden upon defendant city with reference to proof of negligence and the proximate cause of the injury, and that, in any event, the verdict as returned is contrary to the instructions of the court for the reason that there exists no credible evidence in the record contradicting or rebutting the fact which establishes plaintiff's negligence in not complying with the city ordinance.

## Opinion.

We are of the opinion that none of defendant's contentions can be sustained. Mrs. Porter's notice of claim is incorporated in the judgment roll of her case against the city and was received in evidence. The question of the admission of the photographs, some taken at a date considerably later than the time of the accident, was properly within the discretion of the trial court. The question of whether the trial court granted to plaintiff a wider latitude of proof than the scope of issues warranted is eliminated by the fact that the trial court, in its instructions to the jury, specifically found that plaintiff was negligent and that. his work, as performed, constituted negligence per se, and specifically limited, for the consideration of the jury, the issue to the question whether the mud came from the piles of dirt erected by plaintiff or from his work, or otherwise. The trial court's charge to the jury was fully as favorable as defendant could expect. The law of the case was settled in the former appeal and many questions now presented by the defendant were determined in the former appeal. Upon a review of the record concerning the proximate cause of the injuries sustained by· Mrs. Porter we are satisfied that the record presents sufficient evidence upon which the minds of ordinary reasonable men might differ so as to form for the jury a question of fact and that, therefore, the verdict of the jury finds support in the evidence. The judgment is affirmed with costs.

CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.