This cause is here on appeal from an order of the district court overruling defendant's demurrer to the complaint.
The facts, as we gather them from the allegations of the complaint and the admissions of the parties, are as follows: The plaintiff is a plumber duly licensed pursuant to an ordinance of the city of Fargo. Precedent to securing such license he was required to and did give a bond conditioned on his saving the city from liability on account of any injuries resulting from negligence in carrying on his business. The defendant is a corporation engaged in the business of writing liability and indemnity insurance. In August, 1918, defendant, for *Page 451 
a valuable consideration, executed and delivered to the plaintiff a contractor's public liability policy, wherein it agreed to indemnify the plaintiff against loss from liability imposed by law upon plaintiff for damages on account of accidental injuries. In this policy defendant agreed among other things:
"(1) To indemnify the person (plaintiff) . . . herein called the assured against loss from liability imposed by law upon the assured for damages on account of bodily injuries or death suffered as the result of an accident occurring while this policy is in force by any person or persons not employed by the assured while at or about the work of the assured. . . .
"(2) To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages on account of bodily injuries or death suffered or alleged to have been suffered by any person or persons not employed by the assured while at or about the work of the assured . . . during the prosecution of said work at the place or places designated in statement numbered 6 of this schedule, and as the result of an accident occurring while this policy is in force."
The policy further stipulated:
"This policy excludes the liability of others assumed by assured under any contract or agreement oral or written."
In March, 1919, and during the term covered by the policy, plaintiff was engaged in making a water connection for a residence in the city of Fargo. In doing this he excavated a trench in the street. When he filled in the trench after making the connection, he negligently left a pile of earth adjacent to the sidewalk. Thereafter, one Julia Porter fell upon the sidewalk near the pile of earth and was injured. She sued the city of Fargo to recover damages suffered by her as a result of the fall, claiming that the walk was unsafe and dangerous and that the city of Fargo was chargeable with notice thereof. She claimed that the dangerous condition of the walk arose because of the pile of earth left there by the plaintiff. She recovered a judgment against the city. When suit was begun against the city, the city notified the plaintiff thereof and demanded that he defend. The city of Fargo paid the judgment entered against it and in favor of Porter. Thereafter, plaintiff performed certain services for the city. When settlement *Page 452 
for such services was demanded by the plaintiff the city deducted from the moneys due the plaintiff the amount of the Porter judgment paid by it, claiming that the Porter injury was incurred by reason of the negligence of the plaintiff, and that the plaintiff was liable over to it therefor. Whereupon, plaintiff brought suit to recover the amount of his claim against the city of Fargo, and the city admitting its liability to him counterclaimed for the amount of the Porter judgment paid by it. Plaintiff duly notified defendant of all these matters and things and demanded that defendant defend the suit on behalf of the plaintiff and indemnify him against loss in accordance with the terms of defendant's policy of insurance. Defendant failed and refused to do so and it was necessary for the plaintiff to, and he did, defend against the counterclaim of the city of Fargo. Plaintiff prevailed (see Keller v. Fargo, 49 N.D. 562, 192 N.W. 313; Keller v. Fargo, 51 N.D. 673, 200 N.W. 780) but necessarily paid out for disbursements in said suit, including costs and attorneys' fees, the sum of $1,767.90. Plaintiff then brought this action to recover from defendant the amount so paid under the terms of the contractor's liability policy. Defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court overruled the demurrer. Defendant now appeals from the order overruling such demurrer.
Defendant on this appeal contends that the complaint in this action does not set forth a cause of action for the reasons that under the terms of the policy, which is the basis of plaintiff's claim for recovery, the liability insured against must be one imposed by law, and that the policy expressly excludes any "liability of others assumed by assured under any contract or agreement, oral or written." Defendant contends that it appears upon the face of the complaint that the claim of the city of Fargo against Keller upon which that suit was brought, was contractual or quasi contractual and was not imposed by law. It further contends that such claim was grounded upon the agreement of Keller to indemnify the city against responsibility on account of its negligence, a liability expressly excluded under the terms of the policy.
Under the terms of the policy of insurance on which the instant suit is brought, the defendant covenanted not only to indemnify Keller against loss from liability imposed by law for damages, but also to *Page 453 
defend in the name and on behalf of Keller any suit brought against him to enforce a claim, whether groundless or not, for damages on account of bodily injuries or death suffered or alleged to have been suffered by any person. So as we view it, under the plain terms of this contract, it is wholly immaterial as to whether there was in fact any liability on Keller's part for damages on account of injuries received by Porter, if in fact the action against him was brought to recover for such injuries. We are not here concerned with the question as to whether Keller or the city prevailed in the suit brought by the city. Our inquiry need extend only to the question of whether the claim on which the suit was brought was one contemplated by and within the terms of the policy of insurance.
It is true that when the city of Fargo granted Keller a plumber's license it required of him a bond indemnifying it against any liability arising on account of negligence in the prosecution of his work. We think, however, that independently of this bond Keller might be required to answer over to the city, where an injury was occasioned to a wayfarer on a street of the city through his negligence and the city was mulcted in damages therefor. See City of Grand Forks v. Paulsness, 40 L.R.A.(N.S.) 1158, and note (19 N.D. 293, 123 N.W. 878); Keller v. Fargo, supra. As we said in the latter case regarding Keller's bond to the city:
"The fact that pursuant to the ordinance Keller gave a bond cannot affect the matter of his legal responsibility. That bond was required and was furnished so that the city might be able to realize on account of any claim that there might be by reason of any default on Keller's part. Regardless of his bond, Keller was an indemnitor; but he was not an absolute indemnitor. He was responsible, not for the consequences of anything that he might do under the terms of his license, but only for the consequences of his negligence with respect to that which he might do."
As we read the contract under which the present suit is brought, the defendant therein agreed to save Keller harmless as against any loss from damages on account of bodily injuries or death suffered or alleged to have been suffered by any person during the life of the policy. Now if Keller were negligent in the performance of his work on the streets of the city of Fargo, and if as a result of that negligence *Page 454 
Mrs. Porter were injured, certainly he could be required to respond in damages to her. It appears that this is exactly the claim that Porter made. The city, of course, was under the duty to keep its streets reasonably safe. It was not relieved from that duty by reason of the fact that Keller also was responsible for any dangerous or unsafe condition that might exist. If such a condition were created through Keller's negligence, and the city had notice thereof, both Keller and the city were responsible for any injuries that might result. If, in such case, the city were required to respond in damages, then under the rule as established in this state, the city if not an active wrongdoer itself might compel Keller to answer over to it for such damages. Now this was exactly what the city claimed and what it sued to require Keller to do. It was this suit which Keller demanded that the defendant defend under the terms of its policy. The defendant refused to defend and Keller was compelled to incur the charges which he now seeks to recover. The whole question on the counterclaim set up by the city against Keller was as to whether Keller's negligence was the cause of the condition resulting in the injury to Porter. See Keller v. Fargo, supra. If Porter had sued Keller claiming damages on account of his negligence, surely the defendant would have been required under the terms of the policy to defend such suit. If defendant had failed to do so it would have had to pay the costs incurred by Keller in defendant, whether Keller won or lost. That was the contract. That was the protection Keller wanted and paid for. As it was, Porter sued the city and recovered. The city paid the judgment. The city then sued Keller claiming that the recovery against it was on account of Keller's negligence. Porter having collected from the city the damages occasioned by her injury, has no further cause of action against Keller. It is unreasonable to say that Keller is deprived of the protection intended to be given under the contract because Porter sued the city instead of Keller, and the city predicating its case on the recovery by Porter sought to recover over against Keller. Surely the fact that the city was the plaintiff rather than Porter can make no difference if the foundation of the claim sued upon was within the purview of the policy of insurance. To so hold would defeat the plain purpose of the policy.
Defendant also urges that the action between the city and Keller *Page 455 
was in fact begun by Keller to recover for services performed by him, and that the policy did not cover such an action. This, of course, is true. The city, however, admitted its liability to Keller. The whole issue was on the counterclaim against him. The case was in no respect different from what it would have been had the city begun the action in the first place. The basis of the counterclaim was a claim for damages on account of Keller's negligence. It is urged that counsel fees and costs on the main action and the counterclaim cannot be apportioned. We are not concerned here with the question of the amount of attorney's fees and costs which Keller is entitled to recover under the policy. Of course, the burden is upon him to establish the extent of his recovery.
The order overruling the demurrer was right and must be affirmed. It is so ordered.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.